01

02

03

04

05                         UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

06                               AT SEATTLE

07  ALVIN GEORGE WALKER,         )

08        Petitioner,            )    CASE NO. C09-1858-RAJ

09        v.                   )    REPORT AND RECOMMENDATION

10  MARION FEATHER,           )

11        Respondent.        )

      _____ )

12

13        Petitioner Alvin George Walker, proceeding *pro se* and *in forma pauperis*, brings this

14  28 U.S.C. § 2241 petition for writ of habeas corpus.   (Dkt. 1.)   Mr. Walker contends that he

15  should be credited with a one-year discretionary reduction in his sentence because, during a

16  previous period of incarceration, he was a participant in a successful challenge to the Bureau of

17  Prisons' (BOP's) regulations implementing 18 U.S.C. § 3621(e).   *See Arrington v. Daniels*,

18  516 F.3d 1106 (9th Cir. 2008).   The Court recommends denying Mr. Walker's § 2241 habeas

19  petition without prejudice for failure to exhaust administrative remedies.

20                        **BACKGROUND**

21        Mr. Walker was arrested in September 2004 based upon an arrest warrant in April 2004

22  for being a felon in possession of a firearm.   *United States v. Walker*, CR04-441-RSM-1 (W.D.

REPORT AND RECOMMENDATION
PAGE -1

01   Wash., filed Apr. 30, 2004).   At that time, he was released on bond, but that bond was revoked

02   based on his possession and use of cocaine in November 2004.   Dkts. 14, 16, *United States v.*

03   *Walker*, CR04-441-RSM-1 (W.D. Wash.).   Mr. Walker then pleaded guilty to being a felon in

04   possession of a firearm and was sentenced to thirty-seven months of imprisonment, which was

05   fourteen months below the relevant sentencing-guidelines range, and three years of supervised

06   release.   Dkt. 25, *United States v. Walker*, CR04-441-RSM-1 (W.D. Wash., dated Feb. 4,

07   2005).

08        In August 2005, while serving his term of imprisonment in Sheridan, Oregon, Mr.

09   Walker brought a § 2241 habeas petition in the District of Oregon that challenged the BOP

10   regulation implementing 18 U.S.C. § 3621(e)(2)(B).   *See Walker v. Daniels*, C05-1348-HA

11   (D. Or., filed Aug. 30, 2005).   Section 3621(e)(2)(B) provides that "[t]he period a prisoner

12   convicted of a nonviolent offense remains in custody after successfully completing a treatment

13   program may be reduced by the Bureau of Prisons" by up to one year.   18 U.S.C.

14   § 3621(e)(2)(B).   The challenged BOP regulation categorically denied eligibility for early

15   release for all defendants convicted of being felons in possession of a firearm.   The district

16   court consolidated for briefing the many cases that raised the same claim.

17        Although the District of Oregon denied the writ for habeas corpus, this decision was

18   reversed by the United States Court of Appeals for the Ninth Circuit in *Arrington v. Daniels*,

19   516 F.3d 1106 (9th Cir. 2008).   The Ninth Circuit held that the BOP violated the

20   Administrative Procedures Act ("APA") when it promulgated the regulation for the categorical

21   exclusion from eligibility for early release under 18 U.S.C. § 3621(e)(2)(B) those prisoners

22   whose current offense involved the carrying, possession, or use of a firearm.   *Arrington*, 516

REPORT AND RECOMMENDATION
PAGE -2

01  F.3d at 1116.   Thereafter, in October 2008, the District of Oregon ordered the BOP to reduce

02  Mr. Walker's sentence under 18 U.S.C. § 3621(e)(2)(B) "upon successful completion of the

03  residential substance abuse treatment program."   Dkt. 37, *Walker v. Daniels*, C05-1348-HA

04  (D. Or., dated Oct. 1, 2008).   Mr. Walker had, however, already been released from

05  community confinement on June 15, 2007.   (Dkt. 9, Exh. 1 (hereinafter "Ogden Decl."), at 2–3

06  (noting that during his last six months in custody Mr. Walker had been placed in Pioneer

07  Fellowship House, then transferred to home confinement, then returned to Pioneer because he

08  tested positive for alcohol consumption.)   Although the BOP's regulation had categorically

09  excluded him from eligibility for early release, Mr. Walker had not been precluded from

10  participating in a residential drug treatment program.   While *Arrington* was pending before the

11  Ninth Circuit, Mr. Walker completed the drug-treatment program and was released on the very

12  same day.   (Ogden Decl., at 3; Ogden Decl., Att.   A.)   Thus, had *Arrington* been issued

13  earlier, Mr. Walker still would not have been eligible for early release until his completion of

14  the drug-treatment program on June 15, 2007.[1]

15      In November 2007, Mr. Walker tested positive for marijuana.   Dkt. 29, *United States v.*

16

17      1 The Ninth Circuit noted that a number of petitioners, like Mr. Walker, had scheduled
release dates prior to the issuance of the opinion: "For these individuals, relief may still be
18  available in the form of modification, amendment, or termination of their supervised release."
*Arrington*, 516 F.3d at 1111.   The record contains no indication that Mr. Walker ever sought
19  modification, amendment, or termination of his supervised release either before the District of
Oregon or the Western District of Washington.   *Walker v. Daniels*, C05-1348-HA (D. Or.,
20  filed Aug. 30, 2005); *United States v. Walker*, CR04-441-RSM-1 (W.D. Wash., filed Apr. 30,
2004).   When he returned for his revocation hearing in August 2009, Mr. Walker also never
21  suggested that he should be afforded a discretionary sentence-reduction based on his prior
participation in a drug-treatment program.   (Dkt. 9, Exh. 2 (Verbatim Report of Proceedings
22  Before the Honorable Ricardo S. Martinez, dated Aug. 7, 2009 (hereinafter "Report of
Proceedings")).)

REPORT AND RECOMMENDATION
PAGE -3

01 *Walker*, C04-441-RSM (W.D. Wash., dated Nov. 13, 2007).   Because this constituted the first

02 time Mr. Walker had tested positive for a substance since being released in June 2007, the

03 probation officer recommended that no action be taken by the court.   *Id.* at 2.   In April 2009,

04 however, a warrant was issued for Mr. Walker's arrest based upon his commission of

05 first-degree theft, failure to submit truthful and complete reports, and the aforementioned

06 marijuana use.

07        Mr. Walker is now serving a sentence of twenty-one months after he was arrested in

08 July 2009 and his term of supervised release was revoked in August 2009.   Dkts. 30, 32, 37,

09 *United States v. Walker*, CR04-441-RSM-1 (W.D. Wash., filed Apr. 30, 2004).   Mr. Walker

10 admitted to three violations of his supervised release: first-degree theft in November 2008,

11 failure to submit complete and truthful reports to his probation officer from March to November

12 2008, and using marijuana in November 2007.   (Report of Proceedings, at 2.)   Mr. Walker

13 filed his *pro se* § 2241 habeas petition on December 31, 2009, and respondent filed a return in

14 February 2010.   (Dkts. 1, 9.)   This Court is the proper venue for this action because Mr.

15 Walker is currently confined in the Western District of Washington.

16                                **DISCUSSION**

17        Although Mr. Walker completed a drug-treatment program and was released in 2007, he

18 contends that he should be afforded a one-year discretionary sentence reduction under 18

19 U.S.C. § 3621(e)(2)(B) after the revocation of his supervised release in 2009 based upon the

20 Ninth Circuit decision in *Arrington*.   Respondent argues that this matter should be dismissed

21 because Mr. Walker failed to exhaust administrative remedies prior to bringing this habeas

22 petition, or that his petition should be denied because it lacks merit.   The Court recommends

REPORT AND RECOMMENDATION
PAGE -4

01   dismissal of Mr. Walker's petition without prejudice for failure to exhaust administrative

02   remedies.   The Court therefore declines to reach the merits of his habeas petition.

03          Mr. Walker properly brought this matter as a § 2241 habeas petition that challenges the

04   manner and conditions of the execution of his sentence.   *See Hernandez v. Campbell*, 204 F.3d

05   861, 864 (9th Cir. 2000).   Nevertheless, before petitioning for habeas relief, federal prisoners

06   are required to exhaust their administrative remedies through the BOP.   *Fraley v. U.S. Bureau*

07   *of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir.

08   1991); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986).   A federal prisoner need not

09   exhaust administrative remedies if pursuing those remedies would be futile.   *Fraley*, 1 F.3d at

10   925.

11          The Court finds that Mr. Walker has failed to exhaust his administrative remedies

12   through the BOP.   Mr. Walker filed no requests for an administrative remedy during this or

13   any of his incarcerations with the BOP.   (Ogden Decl., at 4; Ogden Decl., Att. F.)   Respondent

14   asserts that there are no BOP regulations or policy statements that speak to the issue that Mr.

15   Walker raises—whether the BOP may exercise its discretion to reduce the sentence for a

16   prisoner who completed a drug-treatment program in the past, was released, reoffended, and

17   was returned to custody.   (Dkt. 9, at 6.)   The Court thus cannot declare with any degree of

18   certainty that it would be futile for Mr. Walker to pursue a remedy through the BOP.   Given

19   such circumstances, the Court finds that the BOP should be afforded the first opportunity to

20   address Mr. Walker's novel argument.

21                                          **CONCLUSION**

22          The Court recommends denying Mr. Walker's 28 U.S.C. § 2241 petition for writ of

01    habeas corpus without prejudice for failure to exhaust administrative remedies.   A proposed

02    order is attached.

03            DATED this <u>15th</u> day of April, 2010.

04

05            _____
              Mary Alice Theiler

06            United States Magistrate Judge

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -6